**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4731

JOHN WESLEY FAIRCLOTH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Malcolm J. Howard, District Judge.
(CR-95-72-H)

Submitted: August 5, 1997

Decided: October 14, 1997

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas C. Goolsby, Samuel T. Currin, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Christine Witcover Dean,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Wesley Faircloth appeals his convictions on one count of conspiracy to distribute crack cocaine,[1] two counts of money laundering,[2] and one count of structuring transactions to avoid reporting requirements.[3] Faircloth contends: 1) that the prosecution violated his due process rights by failing to disclose material impeachment evidence; 2) that the district court improperly instructed the jury; and 3) that the evidence was insufficient to support his convictions. Finding no reversible error, we affirm Faircloth's convictions and sentence.

In 1993, Faircloth rented a trailer to Anthony Andrews and his girlfriend, Deborah Hines, after Andrews was released from prison on state drug charges. Almost immediately after renting the trailer from Faircloth, Andrews fell behind in the rent and resumed selling drugs. Even though he was not visibly employed, Andrews quickly made the rent current, and approached Faircloth about building a house for him on land Faircloth had for sale. Andrews paid for the land in cash; however, the parties agreed to leave the property in Faircloth's name in order to prevent the authorities from discovering Andrews' ill gotten assets.

Seeking to hide additional drug proceeds, Andrews bought several more properties and rental homes from Faircloth; yet, like his residence, none of the rental property was placed in Andrews' name. Likewise, Andrews bought several cars, or gave Faircloth money to purchase cars ostensibly for the purpose of starting a used car dealership. Even though Andrews paid the full amount for the automobiles, the vehicles were titled in Faircloth's name or showed Faircloth as a

_____

[1] 21 U.S.C. § 846 (1994).
[2] 18 U.S.C. § 1956(a)(1) (1994).
[3] 31 U.S.C. § 5324 (1994).

2

lienholder. At Faircloth's trial, Andrews explained that the real estate and cars were placed in Faircloth's name to protect them from being seized if the authorities discovered his drug dealing.

Faircloth was more than a mere conduit to hide and launder Andrews' drug proceeds. In April 1995, Andrews misplaced a kilogram of crack cocaine that he had buried in his back yard for safe-keeping. After he was unable to locate the drugs using a rototiller, Andrews asked Faircloth to use his backhoe to find the drugs. Faircloth agreed. After digging in the location specified by Andrews, Faircloth found the drugs and pointed them out to Andrews. Further, Faircloth agreed to let Andrews hide his vehicles on Faircloth's property after Andrews was arrested during a traffic stop.

After his arrest, Andrews pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine. As part of his plea agreement, Andrews agreed to cooperate with government and implicated Faircloth. Faircloth was indicted on one count of conspiracy to distribute crack cocaine,[4] two counts of money laundering,[5] one count of structuring transactions to avoid reporting requirements,[6] and two counts of asset forfeiture.[7] Faircloth, who denied any involvement in a drug conspiracy, was convicted by a jury on all counts. Claiming the evidence insufficient, Faircloth moved under F ED. R. CRIM. P. 29 for acquittal on the drug conspiracy charge. The court denied the motion, and sentenced Faircloth to 144 months incarceration, a $600,000 fine, and five years supervised release. Faircloth now appeals his criminal convictions.

First, Faircloth contends that the government improperly withheld information that Deborah Hines, Andrews' girlfriend and witness for the prosecution, tested positive for cocaine use on more than one occasion while she was on pretrial release. Because the government revealed the test results after the trial, Faircloth asserts the delay was a deprivation of due process because Brady v. Maryland[8] obligates the

_____

[4] 21 U.S.C. § 846 (1994).
[5] 18 U.S.C. § 1956(a)(1) (1994).
[6] 31 U.S.C. § 5324 (1994).
[7] 18 U.S.C. § 982(a)(1) (1994).
[8] 373 U.S. 83 (1963).

government to provide Faircloth with any material exculpatory evidence in its possession,[9] and impeachment evidence is included under Brady.[10] Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the trial would have been different.[11] According to Faircloth, Hines perjured herself on cross-examination by claiming that she had not used drugs in over a year; thus, Faircloth asserts that the jury's judgment most likely would have been different had it been aware of her recent drug use and perjury.

Even if it is assumed that failure to disclose the drug report to the defense prior to trial was improper and that the defense would have used the report in an attempt to impeach Hines' testimony, Faircloth's Brady argument fails because it is unlikely that a different verdict would have been obtained. Hines was not a key prosecution witness. She merely corroborated Andrews' testimony, as did other witnesses. Information regarding drug use would have been cumulative as Hines testified that she had used and sold drugs for several years. She also confirmed that she was convicted for those activities; thus, the jury knew that she had a history of drug involvement when it assessed her credibility. Further, Andrews had already testified about Faircloth using his backhoe to recover Andrews' drugs; thus, Hines' testimony on this issue was not necessary to support Faircloth's conviction. The uncorroborated testimony of one witness is sufficient to support a conviction.[12] We find no reasonable probability that access to the report would have changed the result at trial.

Next, Faircloth asserts that the district court erred by refusing to give three jury instructions requested by the defense and granting the government's request for an instruction on willful blindness. Specifically, Faircloth wanted the court to instruct the jury that they could acquit him on his good character alone, define reasonable doubt, and

_____

[9] **See United States v. Capers**, 61 F.3d 1100, 1106 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3779 (U.S. May 20, 1996) (No. 95-7022).
[10] **See Giglio v. United States**, 405 U.S. 150, 154 (1972).
[11] **See United States v. Bagley**, 473 U.S. 667, 682 (1985).

[12] **See United States v. Arrington** , 719 F.2d 701, 705 (4th Cir. 1983).

4

allow an instruction that explained his theory of defense. We review the court's refusal to give a requested jury instruction for an abuse of discretion.[13] Further, an error in jury instructions will cause a conviction to be reversed only if, after viewing the record as a whole, the error is determined to have been prejudicial[14] After reviewing the record, we cannot say that the district court abused its discretion by denying Faircloth's requested jury instructions.

While Faircloth wanted the court to tell the jury that good character alone could create reasonable doubt, the court instructed the jury that evidence of good character may create reasonable doubt, and that it was for the jury to determine how much weight to give such evidence. The court's instruction was adequate as it stated the law and the word "alone" does not need to be in the instruction, even when requested by the Defendant.[15] Moreover, the court's refusal to instruct the jury on reasonable doubt was proper. This court has repeatedly held that attempts to define reasonable doubt are not useful and should not be attempted.[16] Additionally, we find no error in the court's refusal to give an instruction on Faircloth's theory of defense. A trial court is not required to instruct the jury on a theory of defense argument unless it is clearly supported by the evidence. [17] In its charge, the court adequately explained the law upon which Faircloth's defense rested, and the rejection of his requested instruction was not error. Faircloth's requested instruction that he had never agreed to engage in a drug conspiracy, and that the government's witnesses were testifying falsely was argumentative and better suited for his counsel's closing argument.

Next, Faircloth asserts that the court's willful blindness charge violated the due process requirement that every element of a crime be proven beyond a reasonable doubt.[18] Faircloth claims that the charge allowed the jury to convict him without concluding that he knowingly

_____

[13] **See United States v. Russell** , 971 F.2d 1098, 1107 (4th Cir. 1992).
[14] **See Wellington v. Daniels**, 717 F.2d 932, 938 (4th Cir. 1983).
[15] **See United States v. Foley**, 598 F.2d 1323, 1336-37 (4th Cir. 1979).
[16] **See United States v. Love**, 767 F.2d 1052, 1060 (4th Cir. 1985).
[17] **See United States v. Tipton**, 90 F.3d 861, 863 (4th Cir. 1996).
[18] **See In re Winship**, 397 U.S. 358 (1970).

5

committed the crime in question. This argument is without merit. The instruction given to the jury did not permit an inference of knowledge from a mere showing of careless disregard.[19] Jury members were not instructed to presume knowledge from a conclusion of self-imposed ignorance, but only that they could infer knowledge from such a conclusion. Because the district court's instruction in no way reduced the standard of culpability, we reject Faircloth's argument that the charge violated due process.

Next, Faircloth claims that the district court erred by not granting his FED. R. CRIM. P. 29, motion for acquittal because insufficient evidence existed to support his conviction for conspiracy to distribute cocaine base. On appeal, Faircloth also claims that insufficient evidence exists to support his other convictions. Because the denial of a Rule 29 motion is reviewed under a sufficiency of the evidence standard,[20] both contentions are answered together.

When reviewing challenges to the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt.[21] We consider, therefore, all of the evidence in the light most favorable to the government, assuming the jury weighed all of the evidence, resolved all conflicts in the testimony, and drew all reasonable inferences from the facts.[22] Further, we do not review the credibility of the witnesses when we evaluate whether sufficient evidence existed to support a conviction.[23]

Faircloth asserts that insufficient evidence exists to sustain his convictions because his convictions are based upon circumstantial evidence and the testimony of persons eager to make a deal with the government. Faircloth's claim is without merit. The uncorroborated

_____

[19] **See United States v. Martin**, 773 F.2d 579, 584 (4th Cir. 1985).
[20] **See United States v. Brooks**, 957 F.2d 1138, 1147 (4th Cir. 1992).
[21] **See Jackson v. Virginia**, 443 U.S. 307, 319 (1979); see also Glasser v. United States, 315 U.S. 60, 80 (1942).
[22] **See Jackson**, 433 U.S. at 319.
[23] **See United States v. Reavis**, 48 F.3d 763, 771 (4th Cir.), cert. denied, 115 S. Ct. 2597 (1995).

testimony of one witness or accomplice is sufficient to sustain a conviction.[24] Andrews testified that Faircloth used his backhoe to help search for Andrews' stash of crack cocaine and that Faircloth structured commercial transactions to help hide Andrews' assets from the authorities. Additionally, audio recordings of Faircloth's conversations with an undercover police officer demonstrated Faircloth's knowledge of Andrews' drug activities and his desire to structure his business activities to profit from them and remain anonymous. Furthermore, other witnesses corroborated Andrews' testimony. Accordingly, we hold that the evidence presented to the jury sufficiently established Faircloth's guilt.

Therefore, we affirm Faircloth's convictions and sentence. Additionally, we have reviewed Faircloth's pro se supplemental brief and find the issues raised cumulative or without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[24] **See United States v. Baker**, 985 F.2d 1248, 1255 (4th Cir. 1993); United States v. Arrington, 719 F.2d at 705.